UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LADAWN ROBERSON,

       Plaintiff,

v.

AMERICAN MSC, INC.,

       Defendant.
_____/

Case No. 23-cv-12245

HON. MARK A. GOLDSMITH

**OPINION & ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 34)**

This is a race and sex discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and under the Elliott Larsen Civil Rights Act (ELCRA) Mich. Comp. Laws § 37.2101 et seq. Plaintiff Ladawn Roberson worked as a temporary employee at American MSC, which is a manufacturing facility that supplies springs in the automotive industry. Mot. at PageID.279 (Dkt. 34). Roberson alleges that one of American MSC's employees harassed her and, thereafter, American MSC fired her in violation of the law. Compl. at PageID.3 (Dkt. 1).

In its motion for summary judgment, American MSC argues that Roberson has not set forth a prima facie case and that she has "no documentary evidence" to support any of her claims. Mot. at PageID.288. It argues that, on the other hand, significant evidence supports its position that Roberson failed to comply with her job expectations and that American MSC terminated Roberson for legitimate, non-retaliatory, and non-discriminatory business reasons. Id. Accordingly, American MSC argues, the Court should grant summary judgment in its favor on all claims and

1

dismiss the case.¹ For the reasons further explained below, the Court grants summary judgment in American MSC's favor and dismisses the case with prejudice.²

## I. BACKGROUND

Roberson worked with a staffing agency, Workbox Staffing, which assigned her to work for American MSC as a temporary worker starting on or around May 17, 2022.³ Mot. at PageID.279; Compl. at PageID.2. Roberson's fiancée, Tanisha Hicks, already worked at American MSC at that time (also through Workbox Staffing's placement).

Roberson alleges that, on or around her first day of work, an unidentified male American MSC employee approached her at her workstation and touched her shoulder and waist. Compl. at PageID.2. He also "wrapped his hands around her waist and put his hands on her rear-end." Id. at PageID.3. Later the same day, he "asked her unwelcome questions and put his hands on her waist; eventually touching her rear-end again." Id.

Roberson testified that her fiancée Hicks was at work during these events and saw Roberson soon after they occurred, though, Hicks has not provided any declarations or other testimony to corroborate this. Roberson did not immediately tell anyone other than Hicks about

---

¹ After discovery closed, American MSC filed a motion for summary judgment on August 16, 2024. First Mot. for Summ. J. (Dkt. 21). Roberson filed a response (Dkt. 23) and American MSC filed a reply (Dkt. 24). Before the Court ruled on the motion, Roberson sought additional time to take depositions, explaining that American MSC had failed to propound discovery on her and that she had not received American MSC's responses to her deposition notices. Mot. for Ext. (Dkt. 17). The Court granted her request and then denied American MSC's summary judgment motion without prejudice to refiling. 10/22/24 Order (Dkt. 25). Accordingly, this Opinion and Order addresses American MSC's renewed motion.

² Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). The briefing also includes Roberson's response brief (Dkt. 36) and American MSC reply (Dkt. 37).

³ Roberson is not suing Workbox Staffing, rather, she sues American MSC only. See Compl. American MSC explains in its motion that it treats Roberson as its employee for the purposes of summary judgment.

the incident.  Roberson does not allege that either she or Hicks told anyone at Workbox Staffing or American MSC about the incident until later, as discussed further below.  Id.

American MSC argues that, from her very first day, Roberson was "a poor performer." Mot. at PageID.280.  It alleges Roberson left work early from scheduled shifts, refused to communicate and cooperate with her supervisors, used her cell phone inappropriately, walked away from machines, and failed to show up for work several times.  Id. at PageID.280–281. American MSC's records show that, on Roberson's first day, it provided her with basic work information, including the name of her supervisor (Amanda Connor), her schedule (second shift, 3:15-11:45pm M–F), and safety and workplace policy information.  Roberson Talent Rpt. at PageID.357–358 (Dkt. 34-4).

Specifically with regard to these incidents, Roberson testified in her deposition that, on May 18, 2022, American MSC held a disciplinary meeting with her.  At the meeting, American MSC discussed Roberson's inappropriate use of her cell phone while on the job, which violated American MSC's rules.  Roberson Tr. at PageID.330, 337 (Dkt. 34-3).  Roberson did not report the harassment incident at that meeting, nor does either party dispute that American MSC did not know about the harassment on that day.  See id.

In other performance-related issues, Roberson's attendance record indicates that, on May 25, 2022, she left work early without advance permission or notice.  And on May 30 and June 1, 2022, she was a "no show."  Attendance Rec. at PageID.395 (Dkt. 34-8).  On May 31, 2022, Roberson's work records indicate an issue regarding her "attitude at work," noting that she and Hicks "seem to be having issues with the supervisors and those around them."  Roberson Talent Rpt. at PageID.359.  Roberson's own testimony corroborates these records.  Roberson Dep. Tr. at PageID.328.

3

Roberson's supervisor at American MSC, Amanda Connor, testified that she had "performance concerns" about Roberson, including "her attitude … working with others," that "her work ethic was not good," and that she "didn't want to do the job as far as working on the machine, and had troubles lifting boxes which is part of the job description." Connor Dep. Tr. at PageID.372 (Dkt.34-5 ). She testified that Roberson "just argued with everybody around her" and that her shift manager "received a lot of complaints" about Roberson. Id. Roberson's shift manager, Emil Matias, corroborated that Roberson "argued" with others including a hi-lo operator. Matias Dep. Tr. at PageID.388 (Dkt. 34-7).

On June 2, 2022, American MSC fired Roberson for poor performance. Connor Dep. Tr. at PageID.368. Neither party disputes that, at the time of her firing, Roberson had not yet reported the alleged harassment incident to American MSC or to Workbox Staffing. Id. Indeed, the only evidence in the record indicates that Roberson submitted a written incident report to Workbox Staffing regarding the harassment after she was already fired. Id. at PageID.368–369; see also Empl. Compl. at PageID.404 (Dkt. 34-11). American MSC investigated the incident and, though it did not find corroborating evidence of Roberson's claim, it decided to re-hire her. Decl. B. Peters at PageID.308–309 (Dkt 34-2). American MSC assigned Roberson to work on the first shift of the day, rather than the second shift when the alleged perpetrator worked. Connor Dep. Tr. at PageID.368–369.

On June 3, 2022, the first day on her new shift, Roberson started an altercation with a forklift driver and left work early, intending to quit her job at American MSC. Id. at PageID.286–287; 309. She testified as follows:

Q: So when you left on that last day, your intention was to quit work?

A: Yup. That was my intensions [sic], to—to go.

4

Q: you weren't going to return to American MSC?

A: if they would have asked me to, yeah, but nobody communicated.

Roberson Dep. Tr., p. 79, § 15–21, at PageID.342.

American MSC later confirmed it was not interested in further work from Roberson, however, Roberson has not submitted any documentary evidence that American MSC fired her before she quit.[4]  Accordingly, the only termination that the evidence supports occurred on June 2, 2022.

## II.   ANALYSIS[5]

### A. Prima Facie Case of Discrimination

Roberson's Counts III through VI allege race and sex discrimination.[6]  Compl. at PageID.7–13.  American MSC argues that summary judgment should be granted in its favor because Roberson has failed to set forth prima facie evidence of either.  They argue further that, even if Roberson had established a prima facie case, American MSC has set forth unchallenged evidence of legitimate and non-discriminatory reasons for Roberson's termination.  The Court agrees.

---

[4] Roberson filed an EEOC charge on March 3, 2023, and the EEOC issued a right to sue letter on June 2, 2023.  Compl. at PageID.4.  Roberson filed this case on August 31, 2023.  Id.

[5] In assessing whether a party is entitled to summary judgment, the Court applies the traditional summary judgment standard as articulated in Scott v. Harris, 550 U.S. 372, 380 (2007).  A court will grant a motion for summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  If the movant makes an initial showing that there is an absence of evidence to support the nonmoving party's case, the nonmovant can survive summary judgment only by coming forward with evidence showing there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1985).

[6] In her complaint, Roberson combines the discussion of her sex discrimination claims with her sexual harassment claims in Counts III and IV.  Sexual harassment claims are analyzed under a different prima facie case from sex discrimination claims and, therefore, the Court addresses these claims separately.

Neither party disputes that Roberson relies only on circumstantial evidence in this case. In discrimination or retaliation cases that involve circumstantial evidence, the Court must apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, the plaintiff must first establish a prima facie case of discrimination and/or retaliation and, if they do so, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its actions. Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir. 2001).

If the employer carries that burden, then the burden shifts back to the plaintiff to show "by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination [or retaliation]." Id. A plaintiff can defeat summary judgment only if he or she produces evidence sufficient to "create a genuine dispute [of fact] at each stage of the McDonnell Douglas inquiry." Cline v. Catholic Diocese of Toledo, 206 F.3d 651, 661 (6th Cir. 2000).

To establish a prima facie claim of race or sex discrimination under Title VII and the ELCRA, a plaintiff must show that she: (i) is a member of a protected class; (ii) was qualified for the job; (iii) she suffered an adverse employment decision; and (iv) was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. Newman v. Fed. Exp. Corp., 266 F.3d 401, 406 (6th Cir. 2001).

Neither party disputes that Roberson has satisfied the first element of her prima facie case for both race and sex discrimination because she alleges that she is an African American woman. See Compl. She also meets the third prima facie element—that she was subject to an adverse employment action—because American MSC terminated her employment on June 2, 2022.

But Roberson does not meet the second element—that she demonstrate she was qualified for and meeting her employer's expectations. She cites to no evidence that she was qualified for

the job or was meeting American MSC's expectations in the performance of her job at the time of her June 2, 2022 termination.  Indeed, as discussed already in the background section, the only evidence in the record is to the contrary.  Roberson left shifts early without permission and failed to show up entirely on other scheduled workdays, she used her phone inappropriately during her shift, and she demonstrated a combative attitude with her supervisors and co-workers.  See Connor Dep. Tr. at PageID.372.

As to the last element of race and sex discrimination, Roberson has not proffered any evidence or argument that she was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees.  Indeed, Roberson has not made any effort, whatsoever, to identify a similarly situated non-protected employee at all, much less one who was treated differently.  See Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 353 (6th Cir.1998) (holding that the Sixth Circuit "simply require[s] that the plaintiff demonstrate that he or she is similarly-situated to the non-protected employee in all relevant respects.") (emphasis in original).

Because the Court is obligated to draw all inferences in favor of the nonmoving party, see Fed. R. Civ. P. 56, it notes that the only meaningful discussion of race in the record occurs in Roberson's deposition, where she denied that any racially motivated events occurred.  She testified:

> Q: Did anyone at American MSC ever make any racially-based comments towards you?
>
> A: No. I ain't—no.
>
> Q: Like any negative, derogatory, anything like that about your race?

>A: No. They ain't never said nothing about race, but they did—we had like— some of—we couldn't understand what they said anyway to get their point across.[7]

Roberson Dep. Tr. at PageID.341. Roberson did not testify about anything else that could be construed as a race-based issue or event in her deposition. See generally, id.

Roberson's declaration is similarly silent as to any race- or sex- based discrimination allegations. Other than this single mention in her affidavit that the "male" perpetrator was "white," she says nothing at all about race or sex, much less race or sex discrimination. Roberson Decl. at PageID.434–435 (Dkt. 36-1).

Roberson's response brief fails to meaningfully engage in any discussion of race or sex discrimination. Instead, in the portion of her brief addressing these claims, Roberson argues that American MSC's Attendance Record shows "clear discrepancies" from her own memories. Resp. at PageID.312. She never supports this assertion or explains how this relates to her discrimination claims, whatsoever. Accordingly, for these reasons, Roberson has failed to establish a prima facie case of race or sex discrimination.

Even if Roberson had established a prima facie case, however, her claims fail under the McDonnell Douglas burden shift because American MSC has articulated legitimate, non-discriminatory reasons for terminating her on June 2, 2022. As discussed earlier, American MSC provided testimonial and documentary evidence that Roberson failed to show up for shifts, left other shifts early without permission, argued with other co-workers and was insubordinate to her managers, and failed to follow company policy as it related to phone use while operating a machine. These satisfy American MSC's burden of establishing legitimate, nondiscriminatory reasons for terminating Roberson.

---

[7] Roberson later clarified that when she stated she could not "understand what they said," she was referring to the fact that some of her co-workers did not speak English. Roberson Dep. Tr., p. 76, § 21–23, at PageID.341.

8

Under McDonnell Douglas's burden-shift, the burden shifts back to Roberson to produce evidence of a pretext. Roberson's response brief is silent on pretext, and, therefore, she does not meet her burden. Accordingly, for these reasons, American MSC is entitled to summary judgment on Roberson's race and sex discrimination claims.

### B. Prima Facie Sexual Harassment Claim

Roberson's Counts III and IV allege sexual harassment. Compl. at PageID.3–4. A sexual harassment claim under Title VII and the ELCRA occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).

To establish a prima facie claim of hostile work environment sexual harassment, an employee must show the following: (i) the employee is a member of a protected class; (ii) he or she was subject to unwelcome sexual harassment; (iii) the harassment was based on the employee's sex; (iv) the harassment created a hostile work environment; and (v) that the employer knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action. Williams v. Gen. Motors Corp., 187 F.3d 553, 561 (6th Cir. 1999) (punctuation modified). American MSC challenges all but the first element of this claim.

Roberson's claim fails on the last of these elements—that she demonstrate that her employer knew or should have known of the charged harassment and failed to implement prompt and corrective action. The Sixth Circuit states: "The employer can be liable only if its response manifests indifference or unreasonableness in light of the facts the employer knew or should have known. The act of discrimination by the employer in such a case is not the harassment, but rather

9

the inappropriate response to the charges of harassment." Minnich v. Cooper Farms, Inc., 39 F. App'x 289, 294 (6th Cir. 2002).

As discussed above, Roberson fails to set forth any evidence that American MSC knew or should have known about the alleged harassment incident before it terminated her. Again, the record is clear that she reported the incident to Workbox on June 2, 2022—after the termination. Roberson's written report to Workbox was dated June 2, 2022. See Empl. Compl. at PageID.404. And Roberson testified that the first time she told Workbox[8] of the incident was on the same day that she was moved from second shift to first shift, which neither party disputes occurred on June 2, 2022, after she was already fired. See Roberson Dep. Tr. ("Q: When you spoke with Justin [of Workbox] about the harassment, do you recall on what day that was? A: That was the day I was supposed to finish out my second shift. That's the day they wanted me to move my—I want to say the second shift to the first shift. Yeah. That was the same day I showed up and Amanda was telling me that they didn't want us working that shift, they wanted us to work the first shift.").

Additionally, Roberson confirmed in her deposition that the "only one person [she] told" at the time of the incident was her fiancée, Tanisha Hicks. Roberson Dep. Tr. at PageID.336–337. Hicks is not Roberson's employer or supervisor, nor does Roberson allege that she is. Nor is there any testimony or declaration from Hicks that would support Roberson's self-serving statement that she told Hicks anything at all. Nor has Roberson set forth any argument that American MSC should have known about the incident absent her own report.[9]

---

[8] For purposes of this opinion, the Court treats Roberson's report to Workbox as a report to American MSC.

[9] Additionally, American MSC provides evidence that it took immediate remedial action as soon as it learned of the alleged harassment. See 6/2/22 Connor emails, PageID.399–402 (Dkt. 34-10). Connor also testified as to the sequence of events leading from Roberson's report, its investigation,

Accordingly, her sexual harassment claim fails and the Court grants American MSC summary judgment on this claim.[10]

C. **Prima Facie Retaliation Claim**

Roberson's counts I and II allege unlawful retaliation. See Compl. at PageID.4–6. The Sixth Circuit explains:

> To demonstrate a prima facie case of retaliation under Title VII and the ELCRA, the plaintiff bears the initial burden of establishing that (1) he ... engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action.

Khalaf v. Ford Motor Co., 973 F.3d 469, 488–89 (6th Cir. 2020) (internal quotations omitted).

Roberson's retaliation claim fails at the first element. She argues that she engaged in protected activity when she reported the sexual harassment incident to her fiancée and co-worker, Tanisha Hicks. Resp. at PageID.431. While reporting an incident of sexual harassment to an employer can constitute protected activity, see Jackson v. Genesee Cnty. Rd. Comm'n, 999 F.3d 333, 344–345 (6th Cir. 2021), Hicks was not Roberson's employer. Nor does Roberson argue that Hicks was a manager or supervisor in any capacity. Equally fatal to this claim is that Roberson has failed to supply the Court with any corroborating evidence, from Hicks or anyone else, that she told Hicks about the incident. Thus, the fact that Roberson told her fiancée and co-worker about the incident is not "protected activity."

---

and its decision to re-hire Roberson on a different shift, which is consistent with American MSC's documentary evidence. Connor Dep. Tr. at PageID.372.

[10] American MSC also challenges the second, third, and fourth elements of a sexual harassment claim—that Roberson was subject to unwelcome sexual harassment based on her sex and that the conduct was sufficiently severe and pervasive. However, because the Court will grant summary judgment to American MSC on other grounds, it need not address these arguments.

Though Roberson never argues that her report to Workbox staffing on June 2, 2022 was a protected activity, her claim would fail even if she had. As reiterated already, the only evidence in the record indicates that the adverse employment action (the June 2, 2022 termination) took place <u>before</u> the employee engaged in the alleged protected activity. The two events are not causally connected. Thus, Roberson's claim fails. See <u>McKenzie v. BellSouth Telecomm., Inc.</u>, 219 F.3d 508, 518 (6th Cir. 2000) (holding that the plaintiff failed to show that her discharge was "because of" the protected activity or that the employer was aware of her "protected activity," and thus, the employer's termination of the plaintiff could not have been motivated by her protected activity).

Even assuming Roberson had set forth enough evidence for her prima facie retaliation claim, which she did not, American MSC has set forth uncontested evidence that it terminated Roberson on June 2, 2022 for non-discriminatory reasons, as discussed at length above. Moreover, after investigating the report, American MSC even re-hired Roberson and placed her on first shift, instead of second. American MSC has met its burden of articulating a legitimate, non-retaliatory reason for her termination.

Once again, the burden shifts back to Roberson to demonstrate pretext under <u>McDonnell Douglas</u>. And, once again, as with her discrimination claims, Roberson has failed to address this topic or provide any evidentiary support of pretext. Accordingly, summary judgment is granted to American MSC on Counts I and II.

### III.   CONCLUSION

For the reasons explained above, the Court grants American MSC's motion for summary judgment on all claims and dismisses the case with prejudice. (Dkt. 34).

**SO ORDERED.**

Dated: September 29, 2025   s/Mark A. Goldsmith
Detroit, Michigan   MARK A. GOLDSMITH
  United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

  s/Joseph Heacox
  JOSEPH HEACOX
  Case Manager